UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARIE CALLENDAR'S PIE SHOPS, Inc., et al.<br><br>　　　　　　Defendants. | No.  2:14-cv-02898-KJM-CKD<br><br><br>ORDER |

　　　　　Plaintiff Cynthia Hopson filed a complaint on December 12, 2014, alleging violations of the Americans with Disability Act and the California Disabled Persons and Unruh Acts.  The case was set for a pretrial scheduling conference on April 16, 2015, but the date was reset because the parties had not filed a joint status report.  Defendants have not yet appeared in this action and as of today's date, no further action has been taken by plaintiff to litigate this case.

　　　　　On April 29, 2015, the court ordered Ms. Hopson to show cause, within fourteen days, why this case should not be dismissed for her failure to prosecute under Federal Rule of Civil Procedure 41(b).  ECF No. 5.  She has filed no response.

　　　　　"District courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v.*

1

1  *Wabash Rr. Co.*, 370 U.S. 626 (1961).  *Sua sponte* dismissal for failure to prosecute is a decision
2  within this court's discretion.  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  Whether
3  dismissal is appropriate depends on application of several factors: "(1) the public's interest in
4  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
5  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and
6  (5) the availability of less drastic sanctions." *Thompson*, 782 F.2d at 831.

7  These factors weigh in favor of dismissal without prejudice.  The first and second
8  factors favor dismissal.  Ms. Hopson has not taken action in response to the court's order to show
9  cause, and has not evidenced her intent to move the case forward.  The third factor also favors
10 dismissal because defendants face exposure as long as the case is pending.  The fifth factor also
11 favors dismissal.  The court provided warning of its intent to dismiss the action, allowed a
12 response showing cause why dismissal was not an appropriate sanction, and Ms. Hopson did not
13 respond.  Only the fourth factor weighs against dismissal; however, without the presence of a
14 defendant, without any responsive pleading or discovery, and in the absence of a request or
15 motion for a clerk's default and default judgment, resolution on the merits appears unlikely.

16 This case is DISMISSED without prejudice.  CASE CLOSED.
17 IT IS SO ORDERED.
18 DATED: June 10, 2015.

_____
UNITED STATES DISTRICT JUDGE